```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

Larry Scott,                           )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    07 C 3684
                                       )
City of Chicago, et al.,               )
                                       )
          Defendants.                  )

## MEMORANDUM OPINION AND ORDER

More than two years ago counsel for the City of Chicago's ("City's") police officer defendants in this 42 U.S.C. § 1983 ("Section 1983") action moved to dismiss, on limitations grounds, Counts I and II of the Complaint brought against them by Larry Scott ("Scott").[1]  That motion was based in material part on a mischaracterization of Scott's action as sounding in the federal equivalent of a false arrest claim, for which purpose defense counsel cited Wallace v. Kato, 594 U.S. 384 (2007) in an effort to scotch that supposed claim.

Although Wallace did indeed speak to the time of accrual of the constitutional equivalent of a false arrest claim, this Court promptly dispatched defendants' then-advanced contention as ill-founded, for nothing in the Complaint suggested such a characterization.  Instead defense counsel's attempted reliance on Wallace was really a red herring.

---

[1]  Co-defendant City, also represented (as are the officer defendants) by its Corporation Counsel's office, did not join in that motion.

Fully two-years-plus have passed since then, and the parties have completed all fact discovery. Then at the November 12 status hearing, with only one opinion witness remaining to be deposed, defense counsel stated an intention to file a summary judgment motion. Further inquiry by this Court at that point elicited the information that the basis for the anticipated motion would again be an asserted limitation bar, and this Court set a briefing schedule on that subject.

At the time of that November 12 status hearing this Court frankly had not recalled the earlier history set out at the beginning of this opinion. If it had, it would have raised the point that the non-assertion at the case's outset of an affirmative defense of the statute of limitations as to Scott's <u>actual</u> claim -- that his constitutional rights were violated when his now-vacated criminal conviction was procured through the use of coerced (and hence constitutionally infirm) confessions -- meant the forfeiture of any such defense. After all, there is no question that the facts on which defendants are now relying in that respect were known from the get-go, so that the limitations defense, if sound, should have been raised back in 2007.

As already stated, defense counsel's earlier effort to enlist <u>Wallace</u> to their aid was not based on a misperception of the <u>Wallace</u> holding, but rather on a patent misreading of the Complaint in this action. Now, however, defense counsel seek to

draw upon <u>Wallace</u> as though it had sucked the life out of the seminal decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) as the latter case bears on Scott's actual claims, which are advanced under the Due Process Clause and the federal equivalent of the Fifth Amendment (which has been incorporated by reference into the Fourteenth Amendment). As to those claims, <u>Heck</u>, <u>id</u>. at 487 held that any action that "would necessarily imply the invalidity" of an underlying criminal conviction could not be brought unless and until "the conviction or sentence has been reversed on direct appeal." As <u>Heck</u>, <u>id</u>. (emphasis in original) stressed:

> A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

This time the Corporation Counsel's Office, in seeking to deprive <u>Heck</u> of its proper place in Section 1983 jurisprudence, is impermissibly loading <u>Wallace</u> with more baggage than it can carry. And that is so clearly wrong as to border on a violation of Fed.R.Civ.P. 11(b) or, given counsel's extended delay in raising that false issue, perhaps 28 U.S.C. § 1927. Indeed, a public law office such as that defending this case ought to eliminate any such argument from its legal arsenal entirely, for its continued advancement could well torpedo legitimate constitutional claims by plaintiffs whose lawyers are not as well informed or knowledgeable as is Scott's counsel.

3

To sum up, as indicated earlier, Wallace dealt with the accrual of the federal constitutional equivalent of a false arrest claim, and in doing so it outlawed such a claim instituted too long after the false arrest. In total contrast, Heck held that Section 1983 claims of the type asserted by Scott do not accrue until the underlying conviction is erased, so that an earlier effort to invoke any such claim would be subject to dismissal as premature. Thus Scott's claims ripened under Heck only when his conviction was overturned -- less than two years before he filed this lawsuit.

There is no need "to gild refined gold, to paint the lily"[2] by citing or discussing the numerous cases adduced in the responsive memorandum filed by Scott's counsel last week. But particular note should be taken (in addition to defense counsel's heeding the disclaimer language in Wallace, which should have inhibited their attempt to distort its holding and impact) of such cases as Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008).[3]

As indicated earlier, the defense motion to dismiss Complaint Counts I and II on purported grounds of their untimeliness could well fail, ironically enough, on the basis of

---

[2] William Shakespeare, King John act 4, sc. 2.

[3] As chance would have it, Dominguez affirmed a decision by this Court that had made and applied the identical holding that has been repeated here.

4

forfeiture because of the motion's own untimeliness.  But that need not be decided, because the motion falls of its own weight on the merits.  It is denied.

```
                        _____
                        Milton I. Shadur
                        Senior United States District Judge
```

Date:    January 4, 2010