IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY SCOTT, | ) | |
|            Plaintiff, | ) | |
| v. | ) | NO.   07 C 3684 |
| | ) | |
| CITY OF CHICAGO, OFFICER JOHN FASSL, | ) | |
| OFFICER AL ALMAZAN, OFFICER STEVE | ) | |
| BROWNFIELD, OFFICER EDWARD NICOL, | ) | |
| and OFFICER LARRY THOMAS, | ) | |
|            Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* # 5 REGARDING THE ADMISSIBILITY OF THE POLYGRAPH EXAMINER'S REPORTS CONCERNING ESTELLA GONZALEZ**

NOW COMES the Plaintiff, LARRY SCOTT, by and through his attorney, BASILEIOS J. FOUTRIS, and hereby moves this Honorable Court to rule, before trial, that the polygraph examiner documents created by Officer Bartik regarding Estella Gonzalez's polygraph examination are admissible. In support thereof, the Plaintiff provides as follows:

**INTRODUCTION**

During the criminal investigation that led to the Plaintiff's prosecution, Chicago police officer Bartik administered polygraph examinations to the Plaintiff and to Estella Gonzalez - the woman who found the murder victim. Bartik created documents pertaining to each of the two polygraph examinations. The Plaintiff intends to introduce those documents into evidence. The Defendants object to the documents pertaining to Gonzalez's polygraph on foundation and hearsay grounds. As argued below, neither objection should operate to exclude the documents.

**ARGUMENT**

Bartik created four pages of documents in relation to Estella Gonzalez's polygraph examination as part of his duties as a police officer. (See Estella Gonzalez polygraph reports,

1

attached hereto as Exhibit 1). This Court ruled 11 years ago that police reports are both business records and public records that are not hearsay pursuant to FRE 803(6) and FRE 803(8). <u>Roth v. National R.R. Passenger Corp.</u>, 1999 WL 1270706 at 1 (N.D.Ill. 1999)(the opinion is attached hereto as Exhibit 2).

With regards to the Defendants' foundation objection, there is no dispute that the attached documents were created by Bartik at, or immediately after, the polygraph examination of Estella Gonzalez. There is also no dispute that the attached documents are accurate representations of the original documents. Indeed, the attached documents were provided to the Plaintiff by the Defendants, and, as such, if they are somehow not accurate representations of the original documents, it is because the Defendants themselves have failed to provide accurate representations of the original documents. As such, Bartik will be able to provide the foundation for the attached documents – should the Defendants insist on such a formality.

The documents record, in detail, the information gleaned by Bartik during the examination. The information contained within the reports is all admissible – some for its truth, and some to demonstrate Bartik's state of mind. For instance, on page IDL 1367, Bartik recorded Gonzalez's answers to his questions about her then existing mental, emotional and physical well-being (i.e., how she felt, the nature of her "health", whether she was under the influence of any medication) – answers which are not hearsay pursuant to FRE 803(3).

Most likely, the Defendants object to the reports on hearsay grounds because, during the examination (as recorded in the documents), Estella Gonzalez admitted that she stabbed the murder victim.

In his deposition, Bartik explained that he records the answers provided to his questions as follows: if a suspect answers yes to a question, he places a plus ("+") inside a circle next to the

2

question in his notes; and, if a suspect answers no to a question, he places a slash ("-") inside a circle next to the question. (See Bartik Deposition, attached hereto as Exhibit 3, p. 79).

In this case, Estella Gonzalez was asked, among other things, "Did u stab Conrado [the murder victim]". (Exhibit 1, p. IDL 1367). Bartik recorded Gonzalez's answer as "+" – meaning that her answer to that question was yes. (Id.).

The Defendants surely will claim that her answer to that question is inadmissible hearsay. However, the Plaintiff will not introduce that particular statement to prove whether Gonzalez did, or did not, stab the murder victim. Instead, the Plaintiff intends to introduce that particular statement for the effect it had on Bartik (i.e., his state of mind). Namely, it will be introduced in relation to why Bartik concluded that her polygraph examination was "inconclusive" (a determination that impacted the murder investigation). (Exhibit 1). Bartik similarly found the Plaintiff's polygraph examination was "inconclusive" – even though, unlike Gonzalez, the Plaintiff denied having any involvement in the murder during the examination. (See Larry Scott polygraph reports, attached hereto as Exhibit 4).

Of course, Gonzalez's statement that she stabbed the murder victim, obviously, is a statement against interest. Gonzalez would (if called to testify), in all likelihood, invoke her 5th Amendment rights and refuse to answer whether she made the statement – rendering the statement admissible for its truth under FRE 804(b)(3). Since it is a near certainty that she would refuse to answer such a question, she should be deemed unavailable, and, in the alternative, the statement should also be deemed admissible for its truth under FRE 804(b)(3).

As such, despite the Defendants' objection to the contrary, the Gonzalez documents are not excludable under either hearsay or foundation grounds.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff, LARRY SCOTT, requests that this Honorable Court rule, before trial, that the polygraph examiner documents created by Officer Bartik regarding Estella Gonzalez's polygraph examination are admissible.

Respectfully submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, Illinois 60604
312-212-1200
bfoutris@foutrislaw.com

## CERTIFICATE OF SERVICE

The undersigned, attorney of record herein, hereby certifies that on June 18, 2010 the foregoing **PLAINTIFF'S MOTION *IN LIMINE* # 5 REGARDING THE ADMISSIBILITY OF THE POLYGRAPH EXAMINER'S REPORTS CONCERNING ESTELLA GONZALEZ** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, along with judge's courtesy copies being delivered; which will send notification of such filing to: Arlene Esther Martin at amartin@cityofchicago.org, Matthew Raymond Hader at matt.hader@cityofchicago.org, Anne Katherine Preston at apreston@cityofchicago.org and George John Yamin, Jr. at gyamin@cityofchicago.org.

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, Illinois 60604
312-212-1200
bfoutris@foutrislaw.com
