IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Larry Scott | ) |
| | ) Case No.: 07 C 3684 |
| Plaintiffs, | ) |
| | ) Judge Shadur |
| v. | ) |
| | ) |
| City of Chicago et. al., | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF ADMISSIBILITY
OF PLAINTIFF'S CONFESSION**

Defendants Alejandro Almazan, Steven Brownfield, and John Fassl ("Defendants"), by their undersigned attorneys, hereby submit the following supplemental authority in support of the admissibility of plaintiff's confession, and the details of that confession.

At the *voire dire* conference on December 2, 2010, in seeking clarification of the court's motion in *limine* rulings, Defendants argued that they should not be precluded at trial from presenting evidence of plaintiff's confession and, specifically, the details of that confession. Defendants and the court then engaged in a discussion of whether a civil plaintiff can assert issue preclusion[1] against a civil police officer defendant to estop him (or her) from denying or challenging findings made in a prior criminal court proceeding. The court permitted Defendants to submit case law supporting their position. Thus, Defendants submit the following authority.

There is ample authority from the Seventh Circuit supporting Defendants' position that the fact that the Illinois Appellate Court ultimately ruled that plaintiff's confession had to be suppressed does not preclude Defendants in this civil case (wherein plaintiff brings a claim for,

---

[1] As this Court has explained, "collateral estoppel" is the "old, less precise terminology" of "issue preclusion." *Marcavage v. City of Chicago*, 674 F.Supp.2d 1022, 1025 fn 5 (N.D.Ill., 2009)(Shadur, J)

1

among other things, an alleged coerced confession), from presenting evidence to the jury regarding the details of plaintiff's confession.

For example, in *Booker v. Ward,* 94 F.3d 1052 (7th Cir. 1996) *cert. denied*, 519 U.S. 1113 (1997), the court was faced with a similar fact pattern. Chicago Police officers arrested Charles Booker for murder. *Id.* at 1054 Booker confessed to the murder and a jury convicted him. *Id.* After two go-rounds on appeal, the Illinois Appellate Court reversed the conviction, "holding that Booker's confession was the product of an unlawful arrest." *Id.* Booker filed a Section 1983 suit and, like plaintiff here, argued that defendants should be bound by the decision of the Illinois Appellate Court. *Id.* at 1057. The Seventh Circuit rejected any attempt to bind the defendant police officers to the Illinois Appellate Court opinion and explained:

> As we noted above, the Illinois Appellate Court found that probable cause did not exist to arrest Booker for Williams' murder on August 7, 1987. Booker urges us to 'adopt a strict rule that the finding by a state appellate court that an arrest was made without probable cause is enough evidence to defeat the arresting officer's motion for summary judgment on the same issue in a federal civil rights case.' Indeed, Booker urges us to go further and hold that such a finding is *conclusive* on the probable cause issue. We decline to adopt either proposition because Ward and Kelly were not parties to the state court proceedings and did not have a full and fair opportunity to litigate the issue of whether they had probable cause to arrest Booker.

*Id.,* citing *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050-51 (7th Cir.1995)(emphasis in original); *Williams v. Kobel,* 789 F.2d 463, 470 (7th Cir.1986).

In *Kraushaar*, the Seventh Circuit held that a finding of no probable cause in a state criminal proceeding did not collaterally estop arresting officers from arguing that they had probable cause to arrest in a subsequent § 1983 proceeding. The court explained that issue preclusion could not apply against the arresting officers because it was the state, not the officers, that prosecuted the plaintiff. 45 F.3d at 1051. The court emphasized that the "arresting officers

had no tactical control over the presentation of the evidence," no control over what witnesses were called, and no control over what arguments were made in the criminal proceeding. *Id.*

Likewise, in *Kunzelman v. Thompson,* 799 F.2d 1172, 1178 (7th Cir.1986), the court held that a county sheriff and a chief deputy were not collaterally estopped from relitigating the issue of whether the plaintiff jail-inmate's writ-writing activities were constitutionally protected in that they were not parties or privies to the earlier criminal action. The court stated that "[t]here is no allegation in the complaint, nor was evidence adduced at trial, that defendants had any say or assisted in the actual prosecution decisions." *Id*. at 1178.

Similarly, in *Williams v. Kobel,* 789 F.2d 463, 470 (7th Cir.1986), the court held that a finding by a state court judge at a preliminary hearing that there was no probable cause to have a suspect bound over for trial did not preclude determination that there was probable cause to arrest the suspect. In so ruling, the court noted that "[i]ndeed, the defendants point out that 'they had no attorneys representing them in it, they had no tactical control over the prosecution, its preparation, selection of witnesses or its presentation. . . The defendants are in no position to question the State's Attorney's efforts to marshal enough evidence as to the plaintiff.'" The court further stated that " a review and evaluation of the statutory scheme and of the record reveals that the arresting officers did not have a full and fair opportunity in the preliminary hearing to litigate the issue of whether they had probable cause to arrest Williams." *Id*. at 470.

District courts in this circuit have followed suit. *See Smith v. Morales*, 08 C 2578, 2010 WL 3023484, *3 (N.D. Ill. Jul 30, 2010); *Guidry v. Boyd*, 06 C 1600, 2007 WL 2317174, *12 (N.D. Ill. Jul 17, 2007); *Delgadillo v. Paulnitsky,* 05 C 3448, 2007 WL 1655252 (N.D. Ill. June 1, 2007) (rejecting estoppel application against Section 1983 defendants because officers were in "no position to question the State's Attorney's tactics or strategies"); *Wilson v. City of Chicago*,

707 F.Supp. 379, 386 (N.D. Ill 1989) (Chicago police detective defendants were not parties or privities in the state case and to estop defendants "would not comport with due process."); *Perkins v. King*, 04 C 2855, 2005 WL 2483385 (N.D. Ill., October 6, 2005) (estoppel inappropriate where Section 1983 defendant had no control over criminal proceeding and could not appeal ruling of the court).

It is true that defendants Fassal and Brownfield testified in the underlying criminal matter, but defendant Almazan did not. Thus, it cannot be said that Almazan – who was present when plaintiff confessed at the police station, prior to giving his video statement – had any participation in the underlying criminal case. As to defendants Brownfield and Fassl, the mere fact that they testified in the criminal matter does not render them in privity or permit issue preclusion against them. *Kraushaar,* 45 F.3d at 1051. Defendants Brownfield and Fassl were not represented by their own attorneys and did not have tactical control over presentation of witnesses, the questions they were asked, the evidence presented, the cross-examination of the plaintiff or any of the witnesses at the trial. As in *Williams*, defendants were in "no position to question the State's Attorney's tactics or strategies or the State's attorney's efforts to marshal enough evidence as to the Plaintiff." 789 F.2d at 470. Similarly, on appeal, Defendants were not represented and had no input on the appeal or the decision not to appeal to the Illinois Supreme Court. For that matter, the defendant officers' inability to appeal the Illinois Appellate Court's decision to the Illinois Supreme Court equally makes application of issue preclusion unfair.

Finally, "[e]ven when the technical conditions of the doctrine are met, collateral estoppel must not be applied to preclude an issue 'unless it is clear that no unfairness results to the party being estopped.'" *Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1022-23. (7th Cir. 2006), quoting *Talarico*, 226 Ill.Dec. 222, 685 N.E.2d at 328. Under the facts and circumstances of the

4

present case, the Seventh Circuit has taught that to apply issue preclusion against the Defendants would be unfair and compromise their due process rights. *Kraushaar*, 45 F.3d at 1051[2]. *See also Whitley v. Seibel*, 676 F.2d 245, 248 n. 1 (7th Cir.1982) (collateral estoppel cannot "be used as a sword against a party who has not previously had his day in court.").

WHEREFORE, Defendants Alejandro Almazan, Steven Brownfield and John Fassl respectfully request that this Court allow Defendants to introduce the evidence and details of plaintiff's confession at trial in their defense of plaintiff's claims.

Respectfully Submitted,

/s/ Avi T. Kamionski
One of the Attorneys for Defendants

Andrew M. Hale
Avi Kamionski
Andrew M. Hale & Associates
53 West Jackson, Suite 1800
Chicago, Illinois 60604
(312) 870-6928

---

[2] The Seventh Circuit is not alone on this issue. *See Bilida v. McCleod,* 211 F.3d 166, 170-71 (1st Cir.2000) (Collateral estoppel did not bar Rhode Island officers sued under § 1983 from asserting legality of searches found unconstitutional in earlier criminal proceedings: "[t]he interests and incentives of the individual police [officers] ... are not identical to those of the state, and the officers normally have little control over the conduct of a criminal proceeding"); *Jenkins v. City of New York,* 478 F.3d 76, 85-86 (2d Cir.2007) (New York state criminal proceeding that defendant's arrest was not supported by probable cause did not collaterally estop police from relitigating question when defendant sued them under § 1983); *McCoy v. Hernandez,* 203 F.3d 371, 374-75 (5th Cir.2000) (Barring issue preclusion where "[o]fficers were merely witnesses for the state in their prosecution" and thus "did not participate in the questioning of witnesses, influence the planning of trial strategy, nor could they appeal the ruling of the court at the suppression hearing."); *Kegler v. City of Livonia*, 173 F.3d 429, 429 (6th Cir. Feb 23, 1999)(unpublished opinion); *Duncan v. Clements,* 744 F.2d 48, 52 (8th Cir.1984) (collateral estoppel is not appropriate in this case because officer was not a party, "[i]t is not enough that both the state and Schaeffer were interested in proving that probable cause existed to make the arrest and conduct the search and seizure."; *Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir.1971), cert. denied, 404 U.S. 843, 92 S.Ct. 139, 30 L.Ed.2d 78 (1971) (collateral estoppel should not be applied to officers because officers not in control of criminal proceeding, and had no personal interest in outcome, thus officers not in privity with the state); *Kinslow v. Ratzlaff,* 158 F.3d 1104, 1106 (10th Cir.1998)("mere fact that [the officers] happen[ed] to be interested in a particular question, or in proving a state of facts as may have been presented in [the prior action,] ... does not establish that they were in privity with any of the parties in that action.")

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2010, I electronically filed the foregoing **SUPPLEMENTAL AUTHORITY IN SUPPORT OF ADMISSIBILITY OF PLAINTIFF'S CONFESSION** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

                                                /s/ Avi T. Kamionski
                                                Avi T. Kamionski