MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
12-15-2010
DEC 1 5 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LARRY SCOTT,
     Plaintiff

V.

CITY OF CHICAGO, et al,
     Defendants

No. 07 C 3684

JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or fear to influence you.

As I told you during the trial, and as I again emphasize, nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

The parties have stipulated, or agreed, to certain facts. You must now treat those facts as having been proved for the purpose of this case.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict you should consider all the evidence in the case, including the circumstantial evidence.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole or not at all. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider among other things:

- the ability and opportunity the witness had to see, hear or know the things that the witness testified about;

- the witness' memory;

- any interest, bias or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness' testimony in light of all the evidence in the case.

During this trial, I have asked witnesses questions myself. As I told you during trial, do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You may consider statements given by the plaintiff or any of the defendants before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that before the trial one of those witnesses made a statement that is inconsistent with the testimony here in court, you may consider the earlier statement only in deciding whether the testimony here in court was true and what weight to give to the testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications and all of the other evidence in the case.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide" this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

It is proper for a lawyer to meet with any witness in preparation for trial.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side that I have cautioned or warned during the trial.

The plaintiff has made three claims against each of the defendants in this case.

First, that they violated his right against self-incrimination under the Fifth Amendment to the United States Constitution.

Second, that they violated his right to due process under the Fourteenth Amendment to the United States Constitution.

Third, that they maliciously prosecuted him.

Defendants have denied each of those claims.

You must give separate consideration to each claim and each party in this case. Although there are three police officer defendants, it does not follow that if one is liable, either of the others is also liable.

Under the law a person who believes that his constitutional rights have been violated by a defendant may file a lawsuit seeking an award of damages. Plaintiff Scott's first and second claims are brought pursuant to this law. Defendants have an equal right to deny that they committed any such violations, and they have done so.

Further, under the law a coercive interrogation can violate an individual's right against self-incrimination under the Fifth Amendment to the United States Constitution and an individual's right to due process under the Fourteenth Amendment to the United States Constitution. Again defendants deny that they have committed any such violations.

As you have undoubtedly noted, no evidence has been presented to you as to certain matters. That is so because given the nature of plaintiff's claims, each of which is denied by defendants, neither the content of plaintiff's confession nor whether that confession was true or false nor the basis on which the charges against plaintiff were dropped after the reversal of his conviction by the Illinois Appellate Court (as contrasted with the fact that they were indeed dropped) are to play a role in your decision on plaintiff's claims.

You are however entitled to consider the action of the Appellate Court in reversing plaintiff's conviction. For that purpose, here are relevant excerpts from that court's opinion, in which plaintiff Scott is referred to as "defendant."

Excerpts from opinion of the Illinois Appellate Court for the First District reversing the convictions of Larry Scott (referred to in the opinion as "defendant")

After setting out the same testimony that you have heard regarding a tip about Larry Scott received by other police officers from an informant, the Illinois Appellate Court that considered and ruled on Larry Scott's appeal from his conviction described the initial determination made by the trial court regarding probable cause based on that tip:

> The circuit court granted defendant's motion on the basis of a lack of probable cause, stating that a prudent officer provided with the informant's statement would not have believed that defendant committed the murder.

Thereafter the Appellate Court stated the following as to Larry Scott's confession and the question of probable cause:

> Here, there was no eyewitness account or identification implicating defendant in the offense, nor was any physical evidence recovered from defendant's person or his belongings. The circuit court did have the anonymous tip implicating the defendant in the crime, but discounted it, and rightly so.

\*     \*     \*

> On cross-examination, Detective Fassl admitted that it was his goal to elicit a confession from defendant and that he was aware at the time of the investigation that there was no physical evidence or eyewitness accounts implicating defendant in Villalobos' murder. He stated that transporting defendant to the murder scene was an interview technique that he hoped would provoke defendant to confess and that he did not walk defendant through the apartment telling him what he had done.

\*     \*     \*

> We lastly examine the purpose and flagrancy of police misconduct in affecting defendant's desire to confess. Police action is flagrant where the investigation is carried out in such a manner as to cause surprise, fear, and confusion, or where it otherwise has a quality of purposefulness, i.e., where the police embark upon a course of illegal conduct in the hope that some incriminating evidence (such as the very statement obtained) might be found.

> Here, while only defendant's testimony indicated any mistreatment at the hands of police officers, Detective Fassl admitted that it was his objective in questioning defendant and in transporting him to the crime scene to elicit a confession. We can only surmise that Fassl's technique amounted to an exploitation of defendant's illegal detention. Fassl had no other evidence to corroborate the discredited anonymous tip implicating defendant and

as such had no probable cause to hold defendant in his attempts to elicit defendant's confession. Accordingly, we find that this factor weighs in favor of suppression.

[W] e find that the circuit court erred in denying defendant's motion to suppress his statements to Detective Fassl and ASA Papa. The use of an involuntary confession as substantive evidence of a defendant's guilt is never harmless error and requires reversal of any convictions obtained on such a basis. Accordingly, we reverse each of defendant's convictions and remand for a new trial in which defendant's statements will be suppressed.

In this case, plaintiff claims that each of the officer defendants – Fassl, Almazan and Brownfield – violated his right against self-incrimination under the Fifth Amendment to the United States Constitution. To succeed on this claim against any of these defendants, plaintiff must prove each of the following things as to that defendant by a preponderance of the evidence:

1. the defendant participated in coercing plaintiff to provide a self-incriminating statement; and

2. the self-incriminating statement was used in a criminal proceeding.

If you find that plaintiff has proved both of those things as to any of those officer defendants by a preponderance of the evidence, then you should find for plaintiff and against that defendant and the City of Chicago on this claim, and go on to consider the question of damages.

If on the other hand you find that plaintiff has failed to prove either or both of those things as to one or more of those officer defendants by a preponderance of the evidence, then you should find for that defendant or those defendants and the City of Chicago on this claim, and you will not consider the question of damages on this claim.

In October 2000, in certain circumstances, the law allowed police officers to hold a suspect in custody without probable cause for a reasonable length of time. It was not reasonable under the law to hold a criminal suspect in custody without probable cause in order to gather additional evidence to justify the detention, a delay motivated by ill will against the detained individual, or delay for delay's sake.

Further, it had been established by the United States Supreme Court since 1975 that within 48 hours after a criminal suspect's detention police officers were required either to release the suspect or to take the suspect before a judge for a determination as to whether or not probable cause existed to permit further detention.

Police officers cannot justify their actions by claiming ignorance of the law. They are responsible for keeping abreast of developments in the law, and cannot rely on unconstitutional laws or rules to excuse illegal conduct.

An individual is under arrest when, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.  In making this determination, the following factors should be considered: whether the encounter took place in a public place or whether police removed the person to another location; whether the police told the person he was not under arrest and was free to leave; whether the police informed the person that he was suspected of a crime or the target of an investigation; whether the person was deprived of identification or other documents without which he could not leave; and whether there was any limitation of the person's movement such as physical touching, display of a weapon or other coercive conduct on the part of the police that indicates cooperation is required.

In this case plaintiff also claims that each of the officer defendants – Fassl, Almazan and Brownfield – violated his right to due process under the Fourteenth Amendment to the United States Constitution. To succeed on this claim against any of those defendants, plaintiff must prove each of the following things as to that defendant by a preponderance of the evidence:

1. the defendant participated in the use of coercive interrogation tactics of a physical or psychological nature or both to obtain a self-incriminating statement from plaintiff; and

2. the interrogation tactics were so egregious or so outrageous that they shock the conscience.

There is no clear cut analysis to determine what constitutes "conscience-shocking" conduct. As with all other factual issues in the case, that is a matter for your determination.

If you find that plaintiff has proved both of those things as to any of those officer defendants by a preponderance of the evidence, then you should find for plaintiff and against that defendant and the City of Chicago on this claim, and go on to consider the question of damages.

If on the other hand you find that plaintiff has failed to prove either or both of those things by a preponderance of evidence as to one or more of those officer defendants, then you should find for that defendant or those defendants and the City of Chicago on this claim, and you will not consider the question of damages on this claim as to that defendant or those defendants and the City of Chicago.

In this case, plaintiff claims that each of the officer defendants – Fassl, Almazan and Brownfield – maliciously prosecuted him. To succeed on this claim against any of these defendants, plaintiff must prove each of the following things as to that defendant by a preponderance of the evidence:

1. the defendant participated as explained hereafter in commencing or continuing a criminal proceeding against plaintiff;

2. plaintiff received a favorable termination in the criminal proceeding;

3. probable cause did not exist to commence or continue the criminal proceeding;

4. malice was present; and

5. plaintiff suffered damages as a result of the criminal proceeding.

For purposes of this instruction, "malice" means the intent, without justification or excuse, to commit a wrongful act. Malice can be inferred from lack of probable cause if there is no other credible evidence that refutes that inference.

Commencing a criminal proceeding is not confined to a situation where a defendant signed a complaint against plaintiff. Rather a defendant is considered to have commenced criminal proceedings if he played a significant role in causing the prosecution of plaintiff, or if his participation was so active and positive in character as to amount to advice and cooperation.

If you find that plaintiff has proved each of those things as to any of those officer defendants by a preponderance of the evidence, then you should find for plaintiff and against that defendant and the City of Chicago on this claim, and go on to consider the question of damages.

If on the other hand you find that plaintiff has failed to prove any one or more of those things as to one or more of those officer defendants by a preponderance of the evidence, then you should find for that defendant or those defendants and the City of Chicago on this claim, and you will not consider the question of damages on this claim.

Let me explain what "probable cause" means.  There is probable cause to commence or continue criminal proceedings if a prudent person would have believed that plaintiff had committed a crime.  In making this decision, you should consider what the defendants knew and what reasonably trustworthy information defendants had received.

Probable cause requires more than just a suspicion.  But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendants' belief was probably right.  The fact that plaintiff's convictions were overturned does not by itself mean that there was no probable cause to prosecute him.

When police officers are working together in an investigation, the knowledge possessed by each officer is considered the knowledge of all, even if the knowledge has not been told to the arresting officer.

If you find that plaintiff has proved any of his claims against one or more of the defendants, then you must determine what amount of damages, if any, plaintiff is entitled to recover.

If you find however that plaintiff has failed to prove any of his claims at all against even one of the defendants, then you will not consider the question of damages.  By going on to instruct you as to damages, I should not be understood as expressing any view on my part as to whether you should find for plaintiff or for any defendant on any of plaintiff's claims.

If you find in favor of plaintiff on any of his claims, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the actions of the defendant or defendants against whom you have found. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and emotional pain and suffering and loss of a normal life that plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

Attorneys fees for plaintiff's counsel are not part of compensatory damages and should not be considered by you in any award you make.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the courtroom security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so you should consult with one another, express your own views and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.