IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY SCOTT,                    )
                                )
            Plaintiff,          )
                                )
     v.                         )     No.  07 C 3684
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

After a hotly contested trial that occupied something over a week in early December 2010, the jury reached a split decision on December 16: It ruled for defendants on the 42 U.S.C. §1983 ("Section 1983") claims made by plaintiff Larry Scott ("Scott") and for Scott on his closely related malicious prosecution claim, awarding him $440,000 in damages on that claim. Now defendants seeks to mulct Scott in claimed costs aggregating more than $22,000. For the reasons stated here, defendants' bill of costs is rejected--each party will bear its own costs.

Before this opinion turns to the fundamental predicate for that determination, a few words about some of the components of defendants' claim are in order. Because no award is being made, this Court has not made the fine-tooth-comb effort to identify items that would be subject to rejection if costs were to be taxed. But even a brief review by someone intimately familiar with the case, as this Court is, reveals a substantial excess in some of the claimed categories--indeed, some outright

overreaching of the type that on occasion has separately led to the denial of any costs award at all (see, e.g., Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC, 428 F.3d 717 (7th Cir. 2005) and cases cited there).

That said, a look at other Seventh Circuit caselaw has reconfirmed the aphorism from Ecclesiastes 1:9 that "There is no new thing under the sun." Most significantly, Testa v. Vill. of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996) presented some startling parallels to this case for the Court of Appeals' consideration, with the nonparallel aspects cutting against the position of defendants here--and the Court of Appeals there affirmed the trial court's determination that each party should bear its own costs.

Just as in this case, the Testa plaintiff had coupled a claim under Section 1983 with a state law claim grounded in malicious prosecution. And just as in this case, the Testa jury's verdict was for defendants on the Section 1983 claim and for plaintiff on the malicious prosecution claim--but wholly unlike this case, the Testa jury's damage award to plaintiff was the nominal sum of $1,500 (a dramatic contrast from the $440,000 awarded by the Scott jury[1]). And the Court of Appeals concluded

---

[1] Scott has very recently moved for a new trial on damages on the malicious prosecution claim, contending that the award did not meet the multimillion dollar standard said to be established by other cases with assertedly comparable facts. This Court of course makes no comment on that pending motion, other than to say

2

its Testa opinion (89 F.3d at 447)(citation omitted) in this fashion:

> District courts enjoy wide discretion in determining and awarding reasonable costs. Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion.

Here, although Scott advanced different theories of recovery, the trial was plainly an integrated whole, a seamless web. There was no separation in the witnesses' testimony, which related to the totality of the circumstances rather than functioning as though there were separate (or indeed separable) mini-trials in progress. In the same way, the discovery (including depositions) had been unitary in approach. At best it would take a Herculean effort to slice and dice the testimony, depositions, transcript costs, photocopying costs and all the other components of defendants' claim to carry out such an unreasonable and unrealistic request.[2]

In sum, defendants' bill of costs is rejected, and no award will be made. Needless to say, in the present state of the record this Court would make the same ruling if confronted with a

---

that it clearly does not bear on the decision reached here.

[2] That effort would be in addition to the earlier-indicated and unduly burdensome need to parse the request to winnow out items that should not be awarded (or should be awarded in lesser amounts) even if the propriety of some award had to be determined.

bill of costs submitted by Scott.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 21, 2011