IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY SCOTT; | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 3684 |
| | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| CITY OF CHICAGO, CHICAGO | ) | Magistrate Judge Brown |
| POLICE OFFICERS JOHN FASSL, | ) | |
| AL ALMAZAN, AND | ) | |
| STEVE BROWNFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION

Defendants Alejandro Almazan, Steve Brownfield, John Fassl, and the City of Chicago, by their undersigned attorneys, hereby submit their response in opposition to plaintiff's Rule 59 motion and state as follows:

### INTRODUCTION

Following an eight day trial on plaintiff's Fifth Amendment coerced confession, Fourteenth Amendment due process, and state law malicious prosecution claims, the jury returned a verdict in favor of defendants as to plaintiff's federal claims and in favor of plaintiff as to his state law malicious prosecution claim. The jury was instructed that plaintiff was seeking compensatory damages for "physical and emotional pain and suffering" and "loss of a normal life." *See* Jury Instruction, attached hereto as Exhibit A. Moreover, the jury was instructed, "there is no exact standard for setting the damages to be awarded on account of pain and suffering." *See* Exhibit A. The jury was charged with determining the amount that would fairly compensate plaintiff. *See* Exhibit A. The jury awarded plaintiff $400,000.00 in damages for his malicious prosecution claim. After reading the verdict, this Court praised the jury for its

1

considered verdict stating "in a way the very fact of having ruled in one fashion on certain claims and another fashion on others is a confirmation of the care on the part of the jury." *See* December 16, 2010 transcript, portions of which are attached hereto as Exhibit B, p. 14.

Plaintiff now seeks a new trial on damages claiming the verdict was manifestly inadequate because the jury did not award him at least a million dollars for every year he was in prison. The Court asked defendants to brief whether plaintiff should be entitled to a new damages trial simply because other (unrelated) verdicts have awarded plaintiffs millions of dollars in damages.[1] Simply put, it is error to compare verdicts from other cases. As explained below, plaintiff's attempt to collaterally attack the jury's verdict by citing other cases is not based upon any facts related to his case but is more an effort to create a statistical basis for aligning all jury verdicts so that damages awards are consistent with one another for this category of lawsuit. If this were so, there would be no respect for a jury's determination of damages to the fact specific nature of the case presented to it. The plaintiff wants the court to ignore the evidence presented to the jury in awarding damages and simply substitute reported cases with higher jury awards. This effort to use selected cases and statistical analysis to attack the jury award in this case is a non-starter and for the following reasons should be denied.

## ARGUMENT

A court may grant a motion for a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Substantial deference should be given to a jury's verdict. *Farafas v. Citizens Bank & Trust*, 433 F.3d 558, 566 (7th Cir. 2006). Evidence of damages must be viewed "in the light most favorable to the verdict." *Carter v. Chicago Police Officers*, 165 F.3d 1071, 1082 (7th Cir. 2006). A

---

[1] In accordance with the Court's instructions at the January 24, 2011 motion hearing, defendants make no response to plaintiff's argument that the damage award was influenced by prejudice or plaintiff's suggestion that additur is appropriate in this case.

2

district court may grant a new trial only "if the verdict is against the clear weight of the evidence." *Id.* (citations omitted). A jury verdict "will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex. rel. Estate of Grady v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008). If there is a rational explanation for the amount of damages awarded by the jury, the court will uphold the verdict. *Kapelanski v. Johnson*, 390 F.3d 525, 534 (7th Cir. 2004). The "mere fact that the jury awarded less to the [plaintiff] than [he] would have liked does not entitle [him] to a new trial or additur." *Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 827 (7th Cir. 2005). "'A jury's award will not be found to be against the manifest weight of the evidence merely because it can be characterized as less than generous.'" *Obszanski v. Wheeler*, 328 Ill.App.3d 550, 555, 262 Ill.Dec. 585, 765 N.E.2d 1193 (Ill.App. 1st Dist. 2002).

## I. THE JURY'S VERDICT MUST BE GIVEN DEFERENCE.

As plaintiff acknowledges, since plaintiff prevailed on his state law malicious prosecution claim only, "Illinois law governs the substantive assessment of whether the evidence supports the damages awarded." *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 106 F.3d 1388, 1397 (7th Cir. 1997). "In reviewing damage awards, Illinois courts give great deference to the jury." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 612 (7th Cir. 2006). "Illinois courts have repeatedly held that the amount of damages to be assessed is peculiarly a question of fact for the jury to determine [citations] and that great weight must be given to the jury's decision [citations]." *Union Planters Bank, N.A. v. Thompson Coburn LLP*, 402 Ill.App.3d 317, 356, 935 N.E.2d 998, 1032, 343 Ill.Dec. 770, 804 (Ill.App. 5th Dist. 2010). It is "the jury's function to consider the credibility of witnesses and to determine an appropriate award of damages." *Naeem*, 444 F.3d at 612. Indeed, a "jury's verdict [can] only be disturbed under the narrowest of

3

circumstances . . ." *Latino v. Kaizer*, 58 F.3d 310, 316 (7th Cir. 1995). In that case, the Seventh Circuit held that "the grant of a motion for a new trial begs more stringent review than a denial, and still a more rigorous review when the basis of the motion was the weight of the evidence." *Id.* at 314. Moreover, a district judge should not set aside a jury verdict "merely because, if he had acted as trier of the fact, he would have reached a different result." *Id.* at 315. Rather, a district judge "usurp[s] the jury's role in deciding the most reasonable inferences from the evidence. That flies in the face of the Seventh Amendment, and goes beyond the power of the district judge under Rule 59." *Id.* at 317. The Illinois Appellate Court explained it best:

> Reviewing courts rarely disturb jury awards. For good reason. We are in no better position to judge the appropriate amount of a verdict than are the 12 people who see and hear the arguments and the evidence. They use their combined wisdom and experience to reach fair and reasonable judgments. We are neither trained nor equipped to second-guess those judgments about the pain and suffering and familial losses incurred by other human beings. To pretend otherwise would be sheer hubris.

*Barry v. Owens-Corning Fiberglas Corp.*, 282 Ill.App.3d 199, 207, 217 Ill.Dec. 823, 668 N.E.2d 8 (Ill.App. 1st Dist. 1996).

Moreover, where the case under review for a new trial involves simple issues but highly disputed facts, even "greater deference should be afforded the jury's verdict than in cases involving complex issues with facts not highly disputed." *Latino*, 58 F.3d at 314; *see also Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1352 (3rd Cir. 1991) ("Where the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict than in a case that deals with complex factual determinations."). In the instant case, the jury was presented with the simple issue of deciding the amount of damages to award on plaintiff's malicious prosecution claim. Plaintiff cannot overcome the presumption that the jury's verdict is entitled to deference. Therefore, plaintiff's

motion for a new trial should be denied.

## II. PLAINTIFF'S NEW APPROACH TO ASSESSING DAMAGES SHOULD BE REJECTED.

Illinois courts will not order a new trial on damages unless: (1) the damages awarded are manifestly inadequate; (2) it is clear that proven elements of damages were not awarded; or (3) the amount bears no relationship to the loss suffered by the plaintiff. *Walters v. Yellow Cab Co.*, 273 Ill.App.3d 729, 740-741, 653 N.E.2d 785, 210 Ill.Dec. 5909 (Ill.App. 1st Dist. 1995).

First, the damages awarded to plaintiff by the jury - $400,000 – cannot be considered "manifestly inadequate." Rather, a damages award of $400,000 is substantial. It may be less than plaintiff was seeking or hoping for, but that does not mean the award was "manifestly inadequate." The jury heard the evidence and assessed damages of nearly a half a million dollars. That jury award was significant and there is no reason for this Court to meddle with the jury's award.

Second, the mere fact that other juries – based on completely different facts – have awarded more damages than plaintiff received in this case is no reason to disturb the damages award in this case. Unlike the federal approach, as plaintiff concedes, Illinois courts traditionally decline to compare verdicts to other cases in ruling on a motion for a new trial. *Colella v. JMS Trucking Co. of Illinois, Inc.* 403 Ill.App.3d 82, 97 932 N.E.2d 1163, 1178 (Ill.App. 1st Dist., 2010). In fact, the Seventh Circuit has held that it is error for a federal court, rather than applying the Illinois standard of review of damages, to compare the award under review to awards in other cases in the Seventh Circuit and other federal courts around the nation. *Naeem*, 444 F.3d at 611-612. The court admonished that "[b]y using such a standard, a district court may allow a larger recovery than would be allowable under Illinois law, or, conversely, it may preclude an award that would be allowable under Illinois law." *Id.* The Illinois Appellate Court

has explained: "[i]t is impossible to measure the propriety of damages awards [] by comparison with other [] cases, as the plaintiff requests, because the propriety of those awards is not subject to exact mathematical computation and cannot be measured by comparison with other verdicts." *Dobyns v. Chung*, 399 Ill.App.3d 272, 287, 926 N.E.2d 847, 339 Ill.Dec. 372 (Ill.App. 5th Dist. 2010). In *Dobyns*, plaintiff in a wrongful death action sought a new trial on damages because he was only awarded $100,000. *Id.* at 273. In affirming the circuit court's denial of plaintiff's motion for a new trial, the appellate court said "we cannot say that the $100,000 award is manifestly inadequate. There is no concrete evidence in the record of any specific loss of money or other economic loss resulting from Angie's death....[i]t is not within our province to substitute our judgment for that of the jury to determine the monetary value of the loss of society in this case." *Id.* at 288. Here too, there is no evidence in the record of a specific loss of money. There were no medical bills, no lost wages, not even an expert to discuss the value of life or the value of time in prison. Yet, the plaintiff in this case received a damages award four times that of the plaintiff in *Dobyns*, and *Dobyns* was a wrongful death case.

As for plaintiff's endless testimony on "damages" – the jury was free to discount the overly dramatized recantation of life in prison. "[S]ince the credibility of witnesses is peculiarly for the jury, it is an invasion of the jury's province to grant a new trial merely because the evidence was sharply in conflict." *Latino*, 58 F.3d at 315. As such, a jury "is entitled to disregard the amount of damages requested by a party, especially when evidence is introduced from which jurors could draw their own conclusions." *Carter*, 165 F.3d at 1082. Numerous witnesses, including plaintiff's retained experts, Paul Pasulka and Barry Hargan, disputed the extent of plaintiff's emotional damages. "Where evidence is contradicted, or where it is merely based on the subjective testimony of the plaintiff, a jury is free to disbelieve it." *Stift v. Lizzadro*,

362 Ill.App.3d 1019, 1029, 841 N.E.2d 126, 298 Ill.Dec. 983 (Ill.App. 1st Dist. 1005). The jury's verdict is not irrational simply because the jury found certain testimony regarding damages to be unbelievable or without merit. Furthermore, although plaintiff testified extensively about the prison conditions, he admitted he was never in any fights and was never injured. Plaintiff testified about cannibals and gladiator fights. The jury certainly could have believed that plaintiff was exaggerating the conditions in prison. Moreover, plaintiff's testimony that he had a good relationship with his son before he went to prison was contradicted by Barry Hargan's testimony that plaintiff admitted to him that he had lost his relationship with his son prior to his arrest. The jury was entitled to make credibility determinations and decide the value of plaintiff's alleged damages.

As for his diagnosis of depression, Dr. Pasulka admitted that someone who had killed someone and spent 6 years in prison could have major depression. The jury could have concluded that Defendants' actions "were not the cause in fact of many of the plaintiff['s] injuries and still have returned a verdict for plaintiff[]." *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996) (affirming district court's denial of a motion for new trial where jury awarded nominal damages on an excessive force claim). The jury could have concluded that defendants' actions did not cause plaintiff to be depressed. The jury heard ample testimony about plaintiff's heroin addiction, homelessness, criminal activities, and poor relationship with his family, which could have caused him to be depressed. The jury could have discredited Dr. Pasulka's testimony because he was being paid by plaintiff to give these opinions and his contact with plaintiff in reaching his diagnosis was limited. Plaintiff did not seek any of the follow up treatment recommended by Dr. Pasulka – no alcohol abuse treatment, no drug abuse treatment, no psychotherapy, not even a physical exam. Plaintiff did not follow up with Dr. Pasulka for a

referral to a therapist or for affordable treatment options. The jury could have discredited the testimony of Dr. Pasulka regarding the extent of plaintiff's alleged depression given that plaintiff did not seek any follow up treatment.

Plaintiff's motion seeks to not only substitute the Court's judgment for that of the jury, but seeks a radical new way of deciding cases and determining damages. Plaintiff's argument boils down to this: If a jury does not award him a million dollars per year in damages consistent with other unrelated cases, he is entitled to a new trial on damages. There is no precedent for this approach and the logic that plaintiff proposed is flawed and dangerous. Plaintiff wants this Court to adopt a default damages approach to reverse conviction lawsuits. In essence, plaintiff is seeking to re-try (and keep re-trying) this lawsuit until he gets a jury to award him at least a million dollars per year for every year he was incarcerated. Under plaintiff's theory, no jury verdict can stand in a reverse conviction lawsuit unless it is at least a million dollars per year. Where does it end? If a new trial is had and a jury awards anything less than a million dollars per year, plaintiff would be re-filing the same motion(s), until a jury awards him a million a year. If that is the case, who needs juries? Plaintiff is asking this Court to simply disregard the role of the jury and allow only their liability finding to stand and leave damages to statistical analysis and comparison to other cases. This is contrary to defendants' right to a jury trial and makes no sense.

If the Illinois Appellate Court, in 2010, declined to hold that $100,000 to compensate for a wrongful death is "manifestly inadequate," $400,000 for Mr. Scott, who is still alive, is not "manifestly inadequate." *Dobyns*, 399 Ill.App.3d at 288. Furthermore, plaintiff actually recovered over double the amount of money Illinois law provides for someone who files a wrongful detention claim in the Illinois Court of Claims. The State of Illinois provides

8

compensation to inmates "for time unjustly served in prison." 705 ILCS 505/8(c) (2009). The law sets forth a formula based on an individual's time in custody and compensates them accordingly. "[T]he court shall make no award in excess of the following amounts: for imprisonment of 5 years or less, not more than $85,350; for imprisonment of 14 years or less but over 5 years, not more than $170,000; for imprisonment of over 14 years, not more than $199,150" *Id*. Plaintiff falls into the middle the category and could recover up to $170,000 for the amount of time he was in prison. As such, based on time in prison alone – plaintiff's main gripe - plaintiff received over double what the State of Illinois has deemed reasonable compensation. Even the State of Illinois does not pay out $170,000 to anyone who spent six years in prison. All persons seeking compensation must either receive a pardon based on innocence from the Governor or receive the newly created "certificate of innocence" from the presiding criminal court judge in Cook County. 705 ILCS 505/8(c) (2009). Unlike the million dollar verdicts he cites, plaintiff has received neither a pardon based on innocence nor a certificate of innocence.

## CONCLUSION

In conclusion, plaintiff's motion for a new trial on damages should be denied because the jury's verdict is entitled to substantial deference and the jury's award was not manifestly inadequate.

Respectfully submitted,

/s/ Avi Kamionski
Avi Kamionski
Andrew M. Hale & Associates
53 W. Jackson Blvd.
Suite 1800
Chicago, IL 60604
Attorney No. 6283191

/s/ Anne Preston
Anne Preston
Assistant Corporation Counsel
30 N. LaSalle St.
Suite 900
Chicago, IL 60602
Attorney No. 6287125

## CERTIFICATE OF SERVICE

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION,** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on February 7, 2011, in accordance with the rules on electronic filing of documents.

                                                                            /s/ Anne K. Preston
                                                                            ANNE K. PRESTON
                                                                            Assistant Corporation Counsel